## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.W.-1 and A.W.-2**

**No. 17-0782** (Barbour County 16-JA-82 and 83)

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.B., by counsel Jamella L. Lockwood, appeals the Circuit Court of Barbour County's August 1, 2017, order terminating her parental rights to A.W.-1 and A.W.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison C. Iapalucci, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without granting an improvement period or other less-restrictive alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed an abuse and neglect petition against petitioner and the children's father. The DHHR alleged that petitioner abused and/or neglected the children based upon her repeated drug abuse and the dangerous home environment it created. Specifically, in August of 2016, petitioner was pulled over in a traffic stop during which the officer noticed small glass vials containing a white powdery substance and performed a K-9 open air sniff around the vehicle, which positively indicated that drugs were inside. Upon conducting a search, officers found drugs, a gun, and a large sum of money. A subsequent search of petitioner's residence revealed other drug-related items and a sawed-off shotgun. Petitioner was arrested and charged with possession of a controlled substance with intent to deliver. The DHHR alleged that petitioner exposed her children to drugs, illegal drug activity, and mental and emotional abuse. In November of 2016, petitioner waived her preliminary hearing, admitting to drug use but insisting that she was not an addict.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children share the same initials, we will refer to them as A.W.-1 and A.W.-2 throughout this memorandum decision.

1

The circuit court held an adjudicatory hearing in January of 2017, during which a Child Protective Services ("CPS") worker testified that petitioner denied having a drug problem despite admitting to drug use. The worker expressed concerns that petitioner allowed the children around unsecured weapons and drug residue. Petitioner testified that she was not addicted to drugs but had used them in the past, including opiates given to her by her father from time-to-time. She also admitted to using methamphetamines during the eight months prior to her arrest. Regarding the events leading to her arrest, she testified that the vials found in her car belonged to her cousin and, contrary to the officer's assertions, did not contain a white residue. Petitioner admitted that officers found a bag with methamphetamine residue in her bedroom, but stated that her door was locked so the children could not access the room and that the bag and sawed-off shotgun did not belong to her. She further asserted that the "stash can" and marijuana pipe found in her room were either empty or had never been used. Petitioner admitted to spending two hundred dollars per week on methamphetamine but insisted that her children had everything they needed. Further, petitioner admitted to testing positive for methamphetamine four times throughout November and December of 2016, despite knowing that doing so violated the conditions of her bond and that she could be re-incarcerated. Accordingly, the circuit court adjudicated petitioner as an abusing parent based, in part, on her drug abuse, exposing the children to drugs, spending the majority of her resources on drugs, and leaving her children with her own drug-addicted father.

A dispositional hearing was set for April of 2017, but was continued upon petitioner submitting to inpatient drug treatment. The circuit court held the dispositional hearing in August of 2017, noting that petitioner had pled guilty to possession of a controlled substance with the intent to deliver in February of 2017 and was sentenced to a term of not less than one nor more than five years in prison.[2] However, the sentence was held in abeyance and she was placed into the Community Corrections program. Petitioner then continued to test positive for drugs until she was re-incarcerated in July of 2017 due to her uncooperative, disrespectful, and untruthful behavior with the program staff.

After the summarization of petitioner's actions following the last hearing, petitioner requested a post-dispositional improvement period. The director of the Community Corrections program then testified that petitioner only completed sixty days of the ninety-day drug rehabilitation program at the Bob May Center ("Center"), having been dismissed from the program for her manipulative and disrespectful behavior. The director testified that he contacted the Center in an effort to have petitioner readmitted to the program, but the Center refused. Further, petitioner frequently lied to the staff at Community Corrections and at times did not appear for her community service. After hearing evidence, the circuit court found that since the inception of the case, petitioner refused to accept any responsibility for her drug abuse and continued to abuse drugs throughout the proceedings. She had been given several opportunities to address the issue but had not, resulting in her discharge from the Center. Petitioner's belligerent attitude continued throughout the case until she was re-incarcerated at the request of the Community Corrections program director. Accordingly, the circuit court terminated

---

[2]This plea related to the incident that occurred in August of 2016, when police officers found drugs in petitioner's car and apartment.

petitioner's parental rights upon findings that there was no reasonable likelihood that she could correct the conditions of abuse and neglect and that termination was necessary for the children's welfare.[3] It is from this dispositional order dated August 1, 2017, that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues on appeal that the circuit court erred in terminating her parental rights without first granting her an improvement period when she was actively seeking treatment for her drug addiction and expressed a strong desire to remediate the abuse. We disagree. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Contrary to petitioner's argument, the record establishes that she failed to demonstrate her ability to fully participate in an improvement period. Throughout the underlying proceedings, petitioner consistently tested positive for controlled substances. After being arrested and charged with possession of a controlled substance with intent to deliver, petitioner tested positive for drugs four times throughout November and December of 2016. Petitioner pled guilty to the

---

[3]The father's parental rights were also terminated during the proceedings below. He filed an appeal, and this Court affirmed the circuit court's ruling by memorandum decision entered on December 1, 2017. *See In Re: A.W.-1 and A.W.-2*, No. 17-0685, 2017 WL 5953087 (W.Va. Dec. 1, 2017)(memorandum decision). The permanency plan for the children is to be adopted by their maternal grandmother.

charge and could have been incarcerated, but her sentence was held in abeyance and she was given the opportunity to correct her behavior. Nevertheless, petitioner continued to abuse controlled substances, testing positive for drugs four times throughout May, June, and July of 2017. Further, she was dismissed from a drug rehabilitation program for her failure to cooperate, and continually denied that she had a substance abuse problem. Finally, it appears from petitioner's brief that she continues to be incarcerated due to her drug abuse and would be unable to currently fully participate in an improvement period. Accordingly, we find that petitioner did not demonstrate that she was likely to substantially comply with the terms or conditions of an improvement period.

Petitioner next argues that the circuit court erred in terminating her parental rights when less-restrictive alternatives were available. Specifically, petitioner argues that an alternative disposition pursuant to West Virginia Code § 49-4-604(b) would have allowed her to work on her parenting skills without harming the welfare of the children. Petitioner's argument is unpersuasive. We have previously held that

> courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.

Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980). The children in this case were under the age of three throughout the proceedings, the oldest having only recently turned four years old. The circuit court was not required to exhaust every possibility of petitioner's parental improvement, especially in light of the children's ages. Further, West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected include one in which

> [t]he abusing parent . . . ha[s] habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the [parent] ha[s] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning[.]

The record demonstrates that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect. At almost every stage of the proceedings below, petitioner denied that she had a substance abuse problem, despite continuing to test positive for drugs and ultimately failing to complete her drug rehabilitation program. Until the dispositional hearing, petitioner maintained that her drug abuse did not affect her children and that she provided everything they needed, even after previously testifying that she spent between one-half

4

and four-fifths of her monthly income on drugs. While petitioner argues that less-restrictive alternatives to termination of her parental rights existed, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based on the evidence outlined above, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect and that termination was necessary for the children's welfare. Therefore, the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 1, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker